# IN THE COURT OF APPEALS OF IOWA

No. 14-0842
Filed February 11, 2015

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**MARLIN LEE JENSEN,**
    Defendant-Appellant.
_____

Appeal from the Iowa District Court for Cerro Gordo County, Annette Boehlje, District Associate Judge.

Marlin Jensen appeals from judgment and sentences imposed following his pleas of guilty to two counts of second-degree theft and one count of eluding. **AFFIRMED.**

Mark C. Smith, State Appellate Defender, and Stephan J. Japuntich, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, Jean C. Pettinger, Assistant Attorney General, Carlyle D. Dalen, County Attorney, and Steven D. Tynan, Assistant County Attorney, for appellee.

Considered by Danilson, C.J., and Potterfield and Bower, JJ.

**DANILSON, C.J.**

Marlin Jensen appeals from judgment and sentences imposed following his pleas of guilty to two counts of second-degree theft and one count of eluding. He contends trial counsel was ineffective in failing to object to the State's sentencing recommendation as violating the parties' plea agreement. Upon our review, we find no error and therefore affirm.

We review ineffective-assistance-of-counsel claims de novo. *State v. Bearse*, 748 N.W.2d 211, 214 (Iowa 2008).

In order to prove his ineffectiveness claim, Jensen must establish both a breach of duty and resulting prejudice. *Id.* at 214-15. In *Bearse*, the Iowa Supreme Court noted defense counsel breaches an essential duty in failing to object to a prosecutor's breach of a plea agreement. *Id.* at 217. But here, the prosecutor did not breach the plea agreement; therefore, Jensen has not established defense counsel was ineffective.

"Violations of either the terms or the spirit of the [plea] agreement require reversal of the conviction or vacation of the sentence." *Id.* at 215 (citation and internal quotation marks omitted).

The plea agreement here provided that in exchange for Jensen's guilty plea to the two counts of theft in the second degree and one count of eluding, the State would not seek the habitual offender sentencing enhancement and would recommend the same sentence as recommended in the presentence investigation (PSI) report. In addition, the State agreed to recommend the sentences be served concurrently.

During the sentencing proceeding, the district court asked the prosecutor whether the State had "any evidence or recommendations," and the prosecutor made the following statements:

> I would ask the Court to consider the victim impact statement and the statement of pecuniary damages that have been filed on EDMS. Our plea agreement is that I will make the same recommendation as the PSI except that I would recommend that the sentences between the counts be concurrent with each other and I believe that is appropriate. I note that the PSI does not say at least as far as I noticed concurrent or consecutive, but I think it's appropriate since this basically rises out of the same incident that logically the sentences would be concurrent with each other among the counts.

Jensen claims that asking the sentencing court to consider the victim impact statement and the statement of pecuniary damages violated the State's agreement to recommend the same sentence recommended by the PSI report. We disagree. When read in context, the prosecutor's reference to the victim impact statement and statement of pecuniary damages responds to the court's question of whether the State had "any evidence." We find no breach of the plea agreement. Because Jensen has failed to prove trial counsel was ineffective, we affirm.

**AFFIRMED.**